[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution action in which both parties concede their insolvency and in which there is no real property and no personal property to distribute.
Apparently, the defendant elected to try this case on the theory that he could thus avoid an award of alimony. To do so, he depicts the plaintiff as the villain and the cause of the marital breakdown. Unfortunately, in the process, he put his credibility at issue. After listening to an absurd description of the plaintiff wife dragging the defendant husband out of the passenger seat of a Chevrolet Blazer, not once but four times, all on an ice covered driveway, the court concludes that the plaintiff was the more credible witness and that her version of events was more believable.
The court has jurisdiction over the parties and the marriage has broken down irretrievably. It is therefore dissolved. Considering the evidence, the criteria set forth in Sections46b-81 82 of our statutes, and the financial situation of the parties, the following orders are found to be fair and equitable. It is noted that this is a 15 year old marriage and there are two minor children issue thereof.
1. Child support is ordered in the amount of $110. per week for each of the two minor children. This is in accordance with the support guidelines.
2. The defendant is ordered to pay alimony to the plaintiff in the amount of $65. per week.
3. Though the defendant professed to be interested in obtaining custody of the children, the court sees no present reason to deny the plaintiff's request for custody. Joint custody is out of the question. The defendant is granted reasonable visitation. The court will not order a referral to the family relations office on the issue of custody in the absence of evidence to warrant the same.
4. The plaintiff is awarded counsel fees in the amount of $1,250.00, payable within 90 days. CT Page 5704
5. The defendant is ordered to immediately provide the plaintiff with the title so she can dispose of a useless Chevette and to immediately reimburse the plaintiff for some $1200. in medical payments she has advanced and which he may have retained.
6. The defendant is to maintain medical insurance for the benefit of the minor children and for the plaintiff until such time as she is employed, at which time she shall reimburse the defendant for this cost, represented to be $190. per month. Section 46b-84c shall pertain to all of this coverage.
7. While he is obligated to pay alimony or support or is in arrears on any of said payments, the defendant shall maintain the plaintiff as beneficiary of the life insurance policy presently available to him at his place of employment. Proof of such coverage, represented to be $60,000, shall be provided to the plaintiff forthwith and annually hereafter.
ANTHONY V. DeMAYO, JUDGE.